NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PACIFIC COAST COMMUNITY SERVICES, INC.,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2020-1815

---

Appeal from the United States Court of Federal Claims in No. 1:19-cv-01187-RAH, Judge Richard A. Hertling.

---

Decided: April 30, 2021

---

TIMOTHY TURNER, Whitcomb, Selinsky, PC, Denver, CO, for plaintiff-appellant.

ALISON VICKS, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by JEFFREY B. CLARK, ROBERT EDWARD KIRSCHMAN, JR., LOREN MISHA PREHEIM.

---

Before MOORE, HUGHES, and STOLL, *Circuit Judges*.

HUGHES, *Circuit Judge*.

This is a government contracts appeal. The Court of Federal Claims held that Pacific Coast failed to state a claim for breach of contract stemming from the government's unilateral deductions from Pacific Coast's monthly invoices. Because we agree with the Court of Federal Claims that the contract entitled Pacific Coast to payment for work actually performed, we affirm.

I

Federal Protective Service (FPS) issued a solicitation in August 2012 for a firm-fixed-price contract for administrative support services with a period of performance of one base year and four subsequent one-year option periods. The solicitation required offerors to provide five full-time equivalent employees for four Contract Line Item Numbers (CLINs). FPS awarded the contract to Pacific Coast in September 2012, and Pacific Coast began performance in October 2012.

The contract incorporated by reference FAR 52.212-4, J.A. 8, in addition to express payment terms:

> C. The Contractor is responsible for submitting accurate invoices that reflect the services provided each month. Where there are variances between the requirements cited in the contract and the work actually performed, the Contractor shall attach a separate sheet to the invoice detailing each instance of a variance. The contractor shall compute the invoice price to reflect the actual amount. *Submission of false invoices shall be subject to contractual and legal actions.*

*Id.* at 21 (emphasis in original). Beginning in June 2013, Pacific Coast and FPS disagreed about the contractually required work hours. That dispute is addressed in our opinion in *Pacific Coast Community v. U.S.*, No. 20-1219 Doc. 29 (Fed. Cir. 2021). As relevant here, FPS began

making unilateral deductions from its monthly payments to Pacific Coast beginning in July 2013 for hours that were invoiced but, in the view of the contracting officer, not actually worked. *See, e.g.*, J.A. 187 (showing a deduction for tardiness).

Pacific Coast subsequently brought suit in the Court of Federal Claims, claiming that FPS had breached the contract by allegedly underpaying Pacific Coast. Pacific Coast did not allege that its employees worked the monthly portion of the contractually required 1,888 hours (about 157.3 hours per month). J.A. 5. Pacific Coast also did not allege that it submitted accurate invoices. *Id.* at 6. Instead, Pacific Coast argued that its monthly invoices did not have to reflect the actual number of productive hours that Pacific Coast performed. *Id.* The Court of Federal Claims granted the government's motion to dismiss for failure to state a claim on April 23, 2020. This appeal followed.

II

We review the grant of a motion to dismiss without deference. *Kam-Almaz v. United States*, 682 F.3d 1364, 1368 (Fed. Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "In deciding a motion to dismiss, the court must accept well-pleaded factual allegations as true and must draw all reasonable inferences in favor of the claimant." *Kellogg Brown & Root Servs., Inc. v. United States*, 728 F.3d 1348, 1365 (Fed. Cir. 2013). We review the Court of Federal Claims' legal conclusions de novo. *Shell Oil Company v. United States*, 896 F.3d 1299, 1306 (Fed. Cir. 2018).

Pacific Coast argues that the Court of Federal Claims erred in granting the government's motion to dismiss because it interpreted the contract as a firm-fixed-price level-of-effort contract pursuant to FAR 16.207 as opposed to a

firm-fixed-price contract pursuant to FAR 16.202-1.[1] Appellant's Brief 22–25. In essence, Pacific Coast argues that because the contract was a firm-fixed-price contract, it was owed the firm-fixed monthly price regardless of its performance. We disagree.

A firm-fixed-price contract requires the contractor to charge the government a fixed price for services but does not provide that the government must pay that price when the contractor does not deliver the services. The Court of Federal Claims correctly considered the contract as a whole and found it to be a contract for a deliverable number of productive hours because of the contract's deliverable hours requirement, overtime provision, and payment terms. Specifically, the contract requires 1,888 productive hours per employee per year (along with various explicit requirements such as being on site at specified times) as a deliverable.[2] The contract also expressly provided for payment for work in excess of that amount. *See, e.g.*, J.A. 110 (CLIN 2005, "Surge Requirement (Overtime)"). Finally, the contract included in its payment provisions a requirement to "submit[] accurate invoices that reflect the services

---

[1]    FAR 16.202-1 states that a "firm-fixed-price contract provides for a price that is not subject to any adjustment on the basis of the contractor's cost experience in performing the contract." FAR 16.207-1 states that a "firm-fixed-price, level-of-effort term contract requires [] the contractor to provide a specified level of effort, over a stated period of time, on work that can be stated only in general terms and [] the Government to pay the contractor a fixed dollar amount."

[2]    We affirmed the Court of Federal Claims' interpretation regarding the productive hours as a contract deliverable in our decision in a related appeal issued on the same date. *Pacific Coast Community v. United States*, No. 20-1219 Doc. 29 (Fed. Cir. 2021).

provided each month" and, "[w]here there are variances between the requirements cited in the contract and the work actually performed," the contract expressly instructs the contractor to "compute the invoice price to reflect the actual amount." J.A. 21. The contract states that the government can take contractual actions as well as legal actions if the contractor submits inaccurate invoices, such as an inflated invoice.

Pacific Coast's interpretation of the contract as a contract for a fixed price untethered to the contract's deliverable requirement necessitates reading out these terms. "An interpretation that gives meaning to all parts of the contract is to be preferred over one that leaves a portion of the contract useless, inexplicable, void, or superfluous." *P.K. Mgmt. Grp., Inc. v. HUD*, 987 F.3d 1030, 1032 (Fed. Cir. 2021) (internal quotations omitted). Because productive hours were a specific deliverable Pacific Coast contracted to provide, we agree with the Court of Federal Claims' interpretation of the contract as providing for payment for productive hours actually furnished to the government. The government therefore did not breach the contract when it inspected Pacific Coast's invoices and deducted payment for hours not actually provided.

## III

We have considered Pacific Coast's remaining arguments and find them unpersuasive. Because we agree with the Court of Federal Claims that Pacific Coast was entitled to payment for work actually performed and not a fixed monthly price regardless of services provided, we affirm.

**AFFIRMED**